THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. JOHN TULENKO, IMPLEADED WITH OTHERS, PLAINTIFF IN ERROR.

Submitted May 2, 1944—Decided September 22, 1944.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and PERSKIE.

For the plaintiff in error, *John O. McGuire* and *Hyman Siegendorf*.

For the defendant in error, *Walter D. Van Riper* and *John M. Ward*.

PER CURIAM.

Plaintiff in error was a member of the district election board for the third election district of the first ward in the City of Passaic on November 3d, 1942. He, with other members of the board, was indicted by the April, 1943, grand jury on a charge of non-feasance in office, arising out of certain alleged irregularities in the conduct of the general election in said district in 1942. Plaintiff in error was found guilty by the jury at a trial in the Passaic County Court of Quarter Sessions.

Plaintiff in error briefs nine points for reversal. The first four points attack the indictment as being faulty and insufficient. It is argued (1) that the indictment is duplicitous in that it charges several distinct offenses in a single count; (2) that it is "ambiguous and uncertain" "in that it does not give

the accused reasonable notice of the act, law or statute against which he is called to defend himself;" (3 and 4) that it fails to charge a crime.

The indictment in this proceeding is in substantially the same form as in the case of *State of New Jersey* v. *Monia et al.*, No. 3, May term, 1944, of the Supreme Court, recently decided and reported in 132 *N. J. L.* 91. The conclusion in that case is dispositive of the grounds argued for reversal as to the sufficiency of the indictment in this case.

The next point is that the granting of a severance as to one defendant, on motion of the state, and the refusal to grant a continuance was error and prejudicial to plaintiff in error. No objection was raised as to the severance, and no harm to plaintiff in error is shown from such action. Motion was made for a continuance because the defendant against whom the indictment was not moved was desired as a witness, and because a policeman who was assigned to the election board for the election day in question was desired as a witness, and they were in the armed service. No showing was made as to the availability of either of these witnesses. It appeared that a number of adjournments had been granted to defendants, the last one two weeks preceding the trial. It does not appear that either of these witnesses was not available for service of subpœna or that any effort had been made to secure their attendance. Nor does it appear that these witnesses would have testified to any matters concerning which their testimony was desirable or not presented. Hence, it does not appear that there was any abuse of discretion in the action of the trial judge, or that the plaintiff in error was unjustly deprived of the presence of and benefit of essential testimony by the persons in question.

The next point has to do with the admission of tally sheets and ballots in evidence. A like question was dealt with in *State* v. *Monia, supra,* where it was held these records were admissible.

The seventh point has to do with the testimony of four witnesses for the state, who testified as to the results of a recount of the ballots in question. This question was held in *State* v. *Monia, supra,* to be without merit.

The eighth and ninth points have to do with the refusal of the trial court to direct an acquittal, and the contention that the verdict is against the weight of the evidence. Upon a review of the evidence we conclude that there was proof warranting the court in denying the motion for a directed acquittal and raising a jury question. Nor does it appear that the verdict is against the weight of the evidence. Hence this court will not set the verdict aside as the result of mistake, passion, prejudice or partiality. *State* v. *Monia, supra.*

The judgment is accordingly affirmed, with costs.